UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES J. HAYES, | ) | CASE NO. 4:12 CV1825 |
| | ) | |
| Petitioner | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT FARLEY | ) | ORDER |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

*Pro se* petitioner Charles J. Hayes filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Robert Farley, Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton").

Petitioner, who is incarcerated at F.C.I. Elkton, alleges he is serving an unlawful sentence. He seeks an Order immediately releasing him from prison and the Bureau of Prisons' (BOP) custody. Petitioner also filed a Motion to Advance Cause. (Doc. No. 3). For the following reasons, the motion is denied and the Petition is dismissed.

**BACKGROUND**

Petitioner was indicted in the United States District Court for the Eastern District of North

Carolina in 2004. *See United States v. Krob, et al*, No. 5:09cr0188 (E.D. NC June 24, 2009).[1] On October 6, 2009, the United States filed a Notice of Intent to Seek Enhanced Penalty pursuant to 21 U.S.C. §851. *Id*. (Doc. No. 92.) The following day, petitioner pled guilty to conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine. *Id*.(Doc. No. 95.) At petitioner's request, his sentencing was twice continued. On March 10, 2010, the trial court imposed a sentence of 172 months imprisonment based on petitioner's guilty plea to Count 1. *Id.* (Doc. No. 117.) He did not file a direct appeal or collaterally attack his sentence through a § 2255 motion. Petitioner is scheduled for release from prison on September 19, 2021.

Petitioner now raises the following three questions for the Court's consideration:

i. Whether the Total Offense Level of 34 is lawful when it includes a 2 point enhancement for being on probation while the instant offense was committed pursuant to USSG § 4A1.1(d) despite defendant not being on probation?

ii. Whether a Criminal History Category of III is unlawful when including a prior offense that was not "punishable for more than one year" as required by USSG §4A1.1(c)?

iii. Whether the judgment is lawful when it was rendered without required evidence to support Congressional punishment powers being extended beyond Constitutional limits resulting in detention of Petitioner?

(Pet. at 1.)

As to his first ground, petitioner argues he received a 2-point enhancement at sentencing based on the trial court's mistaken belief that he committed his federal offense while on probation. In his second ground, petitioner challenges his Criminal History Category. His third ground

---

[1]To accurately address procedural history, details of Petitioner's criminal case were garnered from the Public Access to Court Electronic Records (PACER) system. *See C.B. v. Sonora Sch. Dist*., 691 F. Supp.2d 1123, 1138 (E.D.Cal.2009) (court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.")

seems to assert that the federal government lacked jurisdiction to prosecute him in the state of North Carolina.

**STANDARD OF REVIEW**

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970).) Therefore, if "'it appears from the application that the applicant or person detained is not entitled [to relief] thereto,'" the petition will be dismissed. *See* 28 U.S.C. §2243(citation omitted).

**DISCUSSION**

"[A] petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). On the other hand, claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255. *Id., Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999);*Capaldi*, 135 F.3d at 1123.

Petitioner acknowledges he is now time-barred from filing a motion to vacate his sentence

pursuant to §2255. He does not believe it is an impediment to this Court's jurisdiction, however, because he maintains this Petition is not a challenge to the "imposition of judgment or sentence [but] the legality of custody." (Pet. at 3.) As such, petitioner argues he does not have to establish that his remedy under §2255 is inadequate, but that he is otherwise entitled to habeas relief through §2241. The Court disagrees.

Contrary to petitioner's assertions, he is attacking the sentence imposed by the trial court, and he should have done so previously through a § 2255 petition. The Petition herein does not challenge the manner in which the BOP is executing petitioner's sentence, but challenges the underlying sentence the court imposed.

The only means through which petitioner may seek §2241 habeas relief is through the safety valve provision of § 2255 which provides that a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of his sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). Petitioner does not explain why he failed to even attempt to timely present his claims in a motion to vacate in the trial court. Where "a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255." *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176 (2000). Thus, petitioner's failure to pursue §2255 relief in the trial court does not render his § 2255 remedy inadequate or ineffective. *See e.g., Charles*, 180 F.3d at 756.

For all the foregoing reasons, Petitioner is not entitled to habeas relief.

**CONCLUSION**

Based on the foregoing, Petitioner's Motion to Advance Cause is **denied** (Doc. No. 3), Motion to Proceed *In Forma Pauperis* is **granted** (Doc. No. 2 ) and the Petition is **dismissed**. *See* 28 U.S.C. § 2243. The Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/13/13